## Pritts v. Pritts.

*Divorce—Cruel and barbarous treatment—Dismissal of libel—New libel—Different grounds—Res judicata—Desertion.*

1. Where a libel for divorce on the ground of cruel and barbarous treatment is defective, but is treated by both parties as regular, and the case is tried on the merits, and the divorce is refused by the court, such refusal is *res judicata* of a second libel charging cruel and barbarous treatment.

2. In such case, if the second libel also charges constructive desertion and the proofs substantiate the charge, a divorce will be granted.

Libel for divorce. Exceptions to master's report. C. P. Somerset Co., Sept. T., 1923, No. 217.

*Daryle R. Heckman*, for libellant.

BERKEY, P. J., Jan. 23, 1924.—This case was before the court to No. 1, May Term, 1922. In that case there was a defect in the libel, as it did not follow

Pritts v. Pritts.

the statute and properly aver cruel and barbarous treatment nor indignities to the person, being the attempted grounds laid as cause for the divorce. The court filed an opinion Dec. 11, 1922, refusing the divorce because the grounds assigned were both improperly averred, and followed the same with a *dictum* that the testimony was insufficient to substantiate either.

The libellant filed a new petition in this case, alleging *(a)* cruel and barbarous treatment; *(b)* indignities to her person; and *(c)* constructive desertion on the part of the respondent. As to the first two causes or grounds set forth in the libel, I am of opinion that she has had her day in court, and, were nothing more alleged in the libel, the divorce would necessarily have to be refused. It is true that the libel was legally defective, but, nevertheless, it was treated by the libellant and respondent as in due form, and the case was heard upon its merits and a divorce recommended in an opinion by the master. The entire proceeding was overruled by the court. The parties having treated the case as regular in every particular, the court is constrained to hold that the libellant is out of court as to those two causes.

She, however, alleges constructive desertion on the part of the husband. This case was heard before the master *ex parte*, the respondent not having appeared. Nothing appears in the case that the libellant was not a chaste woman. If she was not, the respondent had his opportunities to make the same known and to be heard. In the former case he did appear, but made no accusations against her as to her chastity, yet it appears from the evidence in this case that from the time of the marriage the husband was jealous of his wife, even so much so as to make accusations against her and his personal friends whom he invited to the home. He frequently accused her of infidelity, charged her with such conduct in the presence of her parents, designated her as a whore. This course of conduct on his part was persisted in almost the entire period of the married life while he cohabited with her. This line of conduct upon his part, no doubt, grew in intensity of feeling on the part of the wife until she left his home April 14, 1921. It is true that a short time after she left he was taken to her by her father, when he asked her to go back and live with him. However, he laid down the terms that she would have to do as he ordered, when she declined.

I am of opinion the libellant has made out a case of constructive desertion that took place on or about April 14, 1921; that the desertion was malicious; that his course of conduct was of such character that he intended to finally drive her from his domicile. A man who, without just cause, accuses his wife of infidelity, and especially under the circumstances as related in this testimony, must be deemed to have deliberately and maliciously connived against his wife, and it is proper to hold him guilty of desertion, based upon the construction of the law under the facts found in this case.

### Decree.

Now, Jan. 23, 1924, this cause came on to be heard, was argued by counsel for the libellant, and, after due consideration, the second and fourth exceptions to the master's report are sustained; and the court do sentence and decree that Lottie Hoover Pritts be divorced and separated from the nuptial ties and bonds of matrimony heretofore contracted between her, the said Lottie Hoover Pritts, and the respondent, George W. Pritts, shall severally be at liberty to marry again in like manner as if they had never been married; and, further, the court do award to the said Lottie Hoover Pritts, against the said George W. Pritts, her costs in this behalf expended.